UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | No. 5:08-CR-90-KKC-HAI-1 |
| v. | ) ) ) | ORDER |
| JOHN C. JOHNSON, | ) ) | |
| Defendant. | ) ) ) | |

*** *** *** ***

Federal inmate John C. Johnson filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Federal Prisoner on May 12, 2017. D.E. 27. The government filed a response on June 14, 2017 (D.E. 30), and the Court ordered Johnson to file any reply by July 14, 2017. D.E. 31. On June 27, 2017, Johnson filed a motion for an extension of time to file a reply to the government's response and a motion to obtain the transcript of his rearraignment proceeding. D.E. 32, 33. The Court denied the motion without prejudice and instructed Johnson that he could re-file a motion that complied with 28 U.S.C. §§ 753(f) and 2250. D.E. 34. On July 18, 2017, the Clerk docketed a revised motion for production, a motion to proceed *in forma pauperis* ("IFP"), and a prisoner trust fund statement account filed by Johnson. D.E. 35, 36, 37. In Johnson's renewed motion, he asks for "the 'minutes' of his rearraignment (Doc #14) or the transcripts thereof." D.E. 37 at 2. Additionally, he requests a sixty-day extension of his reply deadline, currently set for July 14, 2017. *Id.* at 2.

The Court construes Johnson's motion as a request for one of two items, the minute entry order from his rearraignment held on July 9, 2008 (D.E. 14), which is filed in the record, or a transcript of the rearraignment hearing.

Ordinarily, a petitioner seeking transcripts without cost must comply with 28 U.S.C. § 753(f). Section 753(f) "requires the Government to provide transcripts to a prisoner with a pending habeas petition if the prisoner is proceeding *in forma pauperis*, if his § 2255 motion is not frivolous, and if the Court needs the transcripts to rule on the issue." Johnson is not currently proceeding IFP but has filed a motion to obtain IFP status, along with an affidavit discussing his financial assets and a copy of his prisoner trust fund statement from Elkton-Federal Correctional Institution ("Elkton-FCI"), where he is currently incarcerated. Johnson alleges that the Court will need the transcript because "that hearing is where [he] entered his plea of guilty, which is now central to the sentencing issue" raised in his § 2255 motion. *Id*. at 2. Johnson does not assert a separate argument that his motion is not frivolous. Regardless of whether Johnson has met the standard of § 753(f), the Court needs the transcript to rule on the issues contained in Johnson's § 2255 motion and will order it to be created and filed in the record. Once prepared and filed, a copy of that transcript will be mailed to Johnson by the Clerk's office.

As mentioned previously, Johnson has filed a motion to proceed IFP. D.E. 35. Pursuant to 28 U.S.C. § 1915, "any court of the United States may authorize the commencement . . . of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees[.]" *Id*. § 1915(a)(1). In order to gain such authorization, a filer must submit an affidavit that includes the following information: (1) a statement of all assets; (2) a statement averring inability to pay fees; (3) the nature of the action; and (4) a statement of belief regarding entitlement to redress. *Id*. Additionally, an inmate must submit a certified statement from the appropriate prison official showing the amount of money or securities held in any institutional account for that inmate. *See* Rules Governing Section 2254 Cases, Rule 3(a).

Johnson has complied with the filing requirements of 28 U.S.C. § 1915(a) and Rule 3(a). Petitioner completed the standard IFP application form and provided sufficient financial background under penalty of perjury.

Accordingly, **IT IS HEREBY ORDERED** as follows:

1) Johnson's motion to proceed IFP (D.E. 35) is **GRANTED** with respect to his eligibility to obtain the transcript of his rearraignment (D.E. 14) without cost.

2) Johnson's motion for production of his rearraignment transcript without cost (D.E. 37) is **DENIED** as moot**.** The Court needs the transcript of Johnson's rearraignment to rule on his § 2255 motion regardless of whether he has met the standard of § 753(f). Accordingly, the court reporter is directed to prepare a transcript of Johnson's rearraignment and file it in the record. The Clerk is directed to provide Johnson with a copy of the transcript once it is filed in the record.

3) Johnson's request for an extension of time to file a reply to the government's response to his § 2255 motion contained in his motion for production (D.E. 37) is **GRANTED.** Johnson shall file any reply to the government's response to his § 2255 motion **on or before September 28, 2017**.

This the 27th day of July, 2017.

Signed By:
*Hanly A. Ingram*
United States Magistrate Judge